UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LOUIS A. PARSON,

                                  **Plaintiff,**

   vs.                                                            8:22-CV-1390
                                                                                (MAD/DJS)
JANET L. YELLEN, *Secretary of the Treasury,*
*Internal Revenue Service*,

                                  **Defendant.**
_____

**APPEARANCES:**                                                                **OF COUNSEL:**

LOUIS A. PARSON
11-A-1296
Clinton Correctional Facility
P.O. Box 2001
Dannemora, New York 12929
Plaintiff, *Pro Se*

**Mae A. D'Agostino, U.S. District Judge:**

# ORDER

     *Pro se* Plaintiff Louis A. Parson ("Plaintiff") commenced this action on December 27, 2022, against Janet L. Yellen, the Secretary of the Treasury, seeking CARES Act individual payments. *See* Dkt. No. 1. On the same day, Plaintiff moved for leave to proceed *in forma pauperis* ("IFP"). *See* Dkt. Nos. 2, 4. On January 17, 2023, Magistrate Judge Daniel J. Stewart granted Plaintiff's motion to proceed IFP. *See* Dkt. No. 7.

     Magistrate Judge Stewart issued a Report-Recommendation and Order on January 24, 2023, recommending that the complaint be dismissed. *See* Dkt. No. 8. On February 9, 2023, Plaintiff filed an objection to Magistrate Judge Stewart's Report-Recommendation and Order. *See* Dkt. No. 9.

1

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'"  *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  The Second Circuit has held that a court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education.  *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).  However, as Plaintiff appears IFP,  "the court shall dismiss the case at any time if the court determines ... the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

When a party files specific objections to a magistrate judge's report-recommendation and order, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  However, when a party declines to file objections or files "[g]eneral or conclusory objections or objections which merely recite the same arguments [presented] to the magistrate judge," the court reviews those recommendations for clear error.  *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted).  After the appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]."  28 U.S.C. § 636(b)(1).

Plaintiff's "objection" consisted of disagreements with Magistrate Judge Stewart's application of law and overall decision.  *See* Dkt. No. 9 at ¶¶ 2-5 (arguing Plaintiff asserted a valid claim under the CARES Act and that Magistrate Judge Stewart was incorrect in stating the CARES Act does not provide a private right of action).  As such, this is a "conclusory objection" disagreeing with Magistrate Judge Stewart's suggested dismissal and simply repeating arguments

already made in the complaint. Accordingly, the Court will review the recommendations for clear error.

      The Court discerns no clear error in Magistrate Judge Stewart's Report-Recommendation and Order. Magistrate Judge Stewart correctly found that the CARES Act does not contain a private right of action for the failure to provide individuals pandemic payments. *See Arroyo v. Yellen*, No. 1:21-CV-1250, 2022 WL 195042, *2 (N.D.N.Y. Jan. 21, 2022) ("[C]ourts considering claims brought under the Cares Act have repeatedly found that it provides no private right of action, express or implied"), *report and recommendation adopted*, 2022 WL 913170 (N.D.N.Y. Mar. 29, 2022); *Breton v. Mnuchin of I.R.S.*, No. 3:21-CV-718, 2021 WL 5086400, *3 (D. Conn. Nov. 2, 2021) (finding no right of action as individual payments "are no longer available because the CARES Act imposed a deadline of December 31, 2020 for payments to be made or allowed. That deadline is now passed, and no more funds may be issued") (citing 26 U.S.C. § 6428(f)(3); *Puckett v. U.S. Dep't of Treasury Internal Revenue Serv.*, No. 1:21-CV-425, 2021 WL 2550995, *3 (N.D. Ohio June 22, 2021)); *McClendon v. Bernard*, No. 4:21-CV-823, 2021 WL 5567369, *2 (E.D. Ark. Nov. 29, 2021); *Byrd v. Internal Revenue Serv.*, No. 1:21-CV-42, 2021 WL 4860198, *2 (D. Utah Oct. 19, 2021).[1]

      The Court agrees with Magistrate Judge Stewart that Plaintiff failed to specifically plead that he meets the eligibility requirements under 26 U.S.C. § 6428. To be an "eligible individual" under 26 U.S.C. § 6428 one must be an "individual other than–(1) any nonresident alien individual, (2) any individual with respect to whom a deduction under section 151 is allowable to

---

[1] Plaintiff asserts that *Scholl v. Mnuchin*, 494 F. Supp. 3d 661 (N.D. Cal. 2020), runs counter to this finding. However, *Scholl v. Mnuchin* dealt only with declaratory relief and the right of a class of incarcerated individuals to not be excluded from the CARES Act stimulus payments, whereas this case seeks payments for a specific individual under the Act. *Id.* at 669-72; *see* Dkt. No. 9 at ¶ 1.

another taxpayer for a taxable year beginning in the calendar year in which the individual's taxable year begins, and (3) an estate or trust."  26 U.S.C. § 6428(d).  Plaintiff alleged that he filed the relevant tax forms for 2020, 2021, and 2022, and that he was approved for CARES Act payments.  *See* Dkt. No. 1 at 2-3.  Plaintiff's allegations and filed exhibits failed to articulate how he meets the elements of statutory eligibility, and as such, he failed to state a claim.  *See Arroyo*, 2022 WL 195042, at *2 ("Plaintiff pled in purely conclusory fashion that he is eligible for the stimulus payments under the Cares Act but has not specifically pled that he meets the specific eligibility requirements under 26 U.S.C. § 6428.  His conclusory pleading is insufficient to permit the claim to proceed") (citation omitted).

Magistrate Judge Stewart correctly found that even if this action had been brought under the Administrative Procedure Act ("APA"), it should be dismissed.  Because Plaintiff failed to allege final agency action, as required for a claim under the APA prior to judicial review, he failed to exhaust remedies and so the claim must be dismissed.  *See Sharkey v. Quarantillo*, 541 F.3d 75, 89 (2d Cir. 2008).

After carefully reviewing the Report-Recommendation and Order, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Stewart's Report-Recommendation and Order (Dkt. No. 8) is **ADOPTED** in its entirety for the reasons set forth herein; and the Court further

**ORDERS** that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 22, 2023
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge